ROY NOBLE LEE, Chief Justice,
for the Court:
George Gaddy, Joe Norman and James B. Jones, members of the City Council of Laurel, Mississippi, appeal from an order of the Circuit Court of the Second Judicial District of Jones County, which limited the appointment powers of the Council and held certain actions taken by the Council to be void.
Henry Bucklew, Mayor of Laurel, Mississippi, filed a motion to dismiss the appeal due to the appellants’ lack of standing. The motion was passed for consideration along with the merits of the case. We have thoroughly considered the record presented and have concluded that the motion to dismiss the appeal has merit and should be granted. Therefore, we do not discuss the four issues, which have been presented on the merits of the case.
FACTS
On July 1, 1985, the City of Laurel adopted the mayor-council form of government as provided by Miss.Code Ann. §§ 21-8-1 to -47 (1990). Bucklew became Mayor of Laurel on July 1, 1989, for a term of four years. The seven members of the Council, including the appellants, also be *1181 gan their four year terms on the same date.
On July 1,1989, Bucklew took the following actions:
1. Executive Order # B-001 appointing Franklin C. McKenzie, Jr., as City Attorney of Laurel.
2. Executive Order # B-002 terminating the appointment of Joy Harkness and/or Southeast Mississippi Legal Services Corporation as the Judge Pro Tempore of the Municipal Court of Laurel, Mississippi.
3. Executive Order #B-003 terminating Billy C. Doggette as Judge of the Municipal Court of Laurel, Mississippi.
4. Executive Order # B-004 appointing Jeannene Pacific as Municipal Court Judge of Laurel, Mississippi.
5. Executive Order # B-005 appointing Charles G. Blackwell as the Public Defender of the Municipal Court of Laurel, Mississippi.
6. Executive Order # B-006 appointing Thomas L. Casey as Judge Pro Tem-pore of the Municipal Court of Laurel, Mississippi.
On July 1, 1989, the Council took the following actions:
1. Adopted an order appointing Jon A. Swartzfager as City Attorney of Laurel.
2. Adopted an order “Reconfirming Present Contracts” of the City Public Defender and the City Judge.
3. Adopted Ordinance # 1150-1989 to restrict hiring of personnel of the City of Laurel and restraining salaries and wages.
Bucklew vetoed all of the above actions taken by the Council. The Council later voted to override the Mayor’s veto. On July 5, 1989, the Council took the following actions:
1. Adopted a further order appointing Jon A. Swartzfager as City Attorney of Laurel.
2. Adopted a further order “Reconfirming Present Contracts” of the City Public Defender and the City Judge.
3. Adopted Ordinance # 1150A-1989 to restrict hiring of personnel of the City of Laurel and restricting salaries and wages.
4. Adopted Ordinance # 1152-1989 providing for the establishment of municipal departments of the City of Laurel.
Bucklew filed a complaint for declaratory judgment requesting the lower court to determine the “proper division of the powers of government vested” in him and in the Council according to Miss.Code Ann. §§ 21-8-1 to -47 (1990). The parties stipulated to the above facts and both parties filed motions for summary judgment along with supporting briefs.
The lower court set out the specific powers of the Mayor and the Council. Basically, the powers are as follows:
9. The City Council is vested with the exclusive legislative powers of government of the City of Laurel, Mississippi including the power to impose taxes and direct the purposes for which those revenues may be applied and may revise the municipal budget in accordance with the law.
[[Image here]]
11. The Mayor is vested with the exclusive executive powers of government of the City of Laurel, Mississippi, including the power to supervise all municipal departments.
12. The Mayor has the power to administer the approved municipal budget to accomplish its purposes within the law.
The lower court entered its final judgment on October 2, 1989. It upheld the Mayor’s appointments and held the Council’s actions to be void except for portions of Adopted Ordinance No. 1152-1989.
On October 10, 1989, Gaddy, Norman, and Jones attempted to appeal the judgment of the lower court in their official capacity as Councilmen of the municipality of the City of Laurel, and filed a petition for stay of judgment. The petition for stay of judgment was denied.
*1182 On February 8, 1990, Bucklew filed a motion to dismiss the appeal. He alleged that the appellants did not have standing to appeal the lower court judgment in their official capacity. He filed an affidavit in which the four members not named in the appeal stated that they did not wish to pursue the appeal. Bucklew also filed an affidavit signed by Jolyn Sellers, City Clerk of the City of Laurel, in which she states that there was no resolution by the Council authorizing an appeal.
DISCUSSION
I. SHOULD THE MOTION TO DISMISS THE APPEAL BE GRANTED?
We recognize the broad principle embodied in Miss.Code Ann. § 11-51-105 (Supp.1990) that interested citizens and taxpayers may as of right prosecute an appeal, which is in the public interest, when the governing authority (the proper party in interest) refuses to so prosecute the appeal. The appellants here rely upon City of Clinton v. Smith, 493 So.2d 331, 336 (Miss.1986), which held that private citizens/taxpayers were allowed to intervene in, and maintain, an appeal originally begun by the City of Clinton when the city’s governing authority later decided to dismiss its appeal. In City of Clinton, one of the intervenors was a member of the board of alderman, who appeared not in his official capacity, but in his individual capacity as a citizen and a taxpayer. The issue of whether a councilman may appeal in his official capacity when approval of the council is lacking was not before the Court. Therefore, the case is distinguished from the case at bar.
Section ll-51-101(a) Miss.Code Ann. (Supp.1989) is also cited, but it does not authorize an appeal in the first instance. This section only allows an appeal, otherwise authorized to be taken, without the giving of a bond. City of Mound Bayou v. Roy Collins Construction Co., 457 So.2d 337, 339-40 (Miss.1984).
Section 21-8-11(2) Miss.Code Ann. (Supp. 1990) provides that the council may not “adopt any motion, resolution or ordinance, or ... pass any measure whatever” except by “the affirmative vote of a majority of members present at any meeting.” The Council did not authorize the appeal in this case by the three appellants in their official capacity and the record shows that the Council was affirmatively against any such action. We are of the opinion that the appellants do not have the authority to pursue this appeal and they are without standing to maintain it on behalf of the Council.
Therefore, the motion to dismiss the appeal is sustained and the appeal is dismissed.
APPEAL DISMISSED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.