KITCHENS, JUSTICE,
DISSENTING:
¶ 27. The Greenwood City Council tabled the resolution to appeal the decision of the Circuit Court of Leflore County.[7] Accordingly, Carolyn McAdams, who filed a notice of appeal in her official capacity .as mayor of the City of Greenwood, acted without authority in filing the present appeal absent the approval of the Greenwood City Council. Because I would grant Sher-iel Perkins’s motion to dismiss, I respectfully dissent.
¶ 28. The City of Greenwood, Mississippi, operates under a “mayor-council” form of government. Greenwood, Miss., Ordinances ch. 2, art. I, div. 1, § 2-1 (2010). In a mayor-council form of municipal government, the mayor exercises “[t]he executive power of the municipality,” wielding “superintending control of all the officers and affairs of the municipality?’ and ensuring that “the laws and ordinances are executed.” Miss. Code Ann. § 21-8-15 (Rev. 2015). See also Greenwood, Miss., Ordinances ch. 2, art. I, div. 1, § 2-9 (2010) (“The executive and administrative power and duties of the municipality shall be exercised by the mayor”). The law requires the mayor to report annually to the council and the public on the work of the previous year, to make recommendations for action by the council “as he may deem in the public interest,” and to supervise all of the departments of the municipal government. Miss. Code Ann. § 21-8-17(1) (Rev. 2015); Miss. Code Ann. § 21-15-7, - 9 (Rev. 2015).
¶ 29. The legislative power of the municipality is exercised by the city council, which authority is “executed by a vote within a legally called meeting.” Miss. Code Ann. § 21-8-9 (Rev. 2015); Miss. Code Ann. § 21-8-13(4) (Rev. 2015). The council is responsible for requiring, at the end of each fiscal year, “a full and complete examination of all the books, accounts and vouchers of the municipality to be made by a competent, independent accountant or- accountants who shall be ap *1267 pointed by the council.” Miss. Code Ann. § 21-8-13(2) (Rev. 2015). The council may, by ordinance; “revise, .repeal or change” appropriations and may make additional appropriations. Miss. Code Ann. § 21-8-13(3) (Rev. 2015).
¶ 30. The mayor retains veto power and must either approve an ordinance or return it :to the council accompanied by “a statement setting forth his objections thereto .... ” Miss. Code Ann. § 21-8-17(2) (Rev. 2015). The council, however, can, “by a vote of two-thirds (2/3) of the members present and voting resolve to override the mayor’s veto.” Id.
¶31. The Mississippi Attorney General has opined that “[pjrior to taking action, whether it be entering into a contract on behalf of the municipality or filing a lawsuit on behalf of the city, authorization must be given to the Mayor to take such action.” As such, “[a]ll approvals and authorizations- must be accurately reflected in the official minutes of the municipality, as the governing authorities of a municipality, regardless of the form of government under which the municipality operates, speak only through the official minutes.” Authority of Mayor in Mayor-Council Municipality, Op. Miss. Att’y Gen. No. 2003-0325 (July 14, 2003). It is true that “an attorney general’s opinion is not binding on this Court;” however “it is persuasive_” Dupree v. Carroll, 967 So.2d 27, 31 (Miss. 2007). Indeed, this Court has recognized the existence of checks and' balances, a separation of powers, between the mayor and the city council. Id. at 30-31.
¶ 32. In the case of Gaddy v. Bucklew, 580 So.2d 1180, 1180 (Miss. 1990),.three members of the City Council of Laurel, Mississippi, appealed a judgment of the Circuit Court of the Second Judicial District of Jones County, “which limited the appointment powers of the Council and held certain actions taken by the Council to be void.” A motion to dismiss the appeal was filed. Id. at 1182. This Court considered whether the members of the city council could, in their official capacities, prosecute an appeal. Id. The Court cited Mississippi Code Section 21-8-11(2), which provided[8] that “the council may not ’adopt any motion, resolution or ordinance, or pass any measure whatever” except by ‘the affirmative vote of a majority of members present at any meeting.’ ” Id. (citing Miss. Code Ann; § 21-8-11(2) (Rev. 1990». This Court unanimously dismissed the appeal, holding that “[t]he Council did not authorize the appeal' in this case by the - three appellants in their official capacity,” that “the record shows that the Council was affirmatively against any such action,” and that “the appellants do not have the authority to pursue this appeal and they are without standing to maintain it on behalf of the Council.” Id.
¶ 33. The majority finds that no relevant case law “prohibits a mayor from pursuing an appeal on behalf of a municipality, absent the council’s express prohibition.” Maj. Op. ¶ 24. I would not limit Gaddy to its facts, but rather would find that its essential holding—that the city council’s approval is necessary for the filing of an appeal—controls here. Officials, be they members of the city council or the mayor, may not, in their individual capacities, maintain an appeal absent lawful authorization from the city council.[9]
*1268 ¶ 34, The majority’s language suggests that the mayor may do anything that is not prohibited. While it is true that “the mayor shall have the superintending control of all the officers and affairs of the municipality ..,,” such grant of authority is limited to the authority specifically enumerated in the applicable statutes. See Miss. Code Ann. § 21-8-17(1); Miss, Code Ann. § 21-15-7, -9; see also Miss. Code Ann. § 21-3-15 (Rev. 2015) (powers and duties of mayor in a mayor-board of aldermen form of municipal government); Miss. Code Ann. § 21-5-7 (Rev. 2015) (powers and duties of mayor in a mayor-commission form of municipal government); Miss, Code Ann. § 21-7-13 (powers and duties of mayor in council form of municipal government).
¶35. Therefore I would hold that Mc-Adams may not pursue the present appeal and that the appeal should be dismissed forthwith.
KING, J., JOINS THIS OPINION.

. The proposed resolution stated that "the City Council of the City of Greenwood hereby approves/does not approve appealing the Order and opinion issued in Cause No. 2014-0074(CM)(L) to the Mississippi Supreme Court.”

. Section 21-8-11(2) presently provides that "the affirmative vote of a majority of the quorum at any meeting shall be necessary to adopt any motion, resolution or ordinance, or to pass any measure whatever .... ” Miss. Code Ann. § 21-8-11(2) (Rev. 2015).

. The majority ascertains that McAdams, as a named appellee to the Bill of Exceptions filed *1268 by Perkins, has standing to pursue this appeal. Maj. Op. ¶ 24, n.6. I respectfully disagree, The Bill of Exception listed McAdams ta her official capacity as Mayor of the City of Greenwood, Mississippi, not as an individual defendant in the election contest.