# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2008-IA-00170-SCT

## CONSOLIDATED WITH

## NO. 2008-IA-00324-SCT

*EMC MORTGAGE CORPORATION*

*v.*

*BETTYE C. CARMICHAEL*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/28/2007 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | C. YORK CRAIG , III |
| | J. CHASE BRYAN |
| | AMANDA BARDIN ROBINSON |
| ATTORNEYS FOR APPELLEE: | ROY J. PERILLOUX |
| | JAMES ELDRED RENFROE |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND RENDERED - 09/24/2009 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE GRAVES, P.J., DICKINSON AND CHANDLER, JJ.

## DICKINSON, JUSTICE, FOR THE COURT:

¶1.     Bettye C. Carmichael's fraud claim against her mortgagor was dismissed in the mortgagor's bankruptcy, and the mortgagor's assets (including the plaintiff's mortgage) were sold to a successor in interest. Carmichael filed suit in circuit court against the successor in interest, whose motion to dismiss was denied by the trial court. Because we find that the plaintiff's suit is barred by res judicata, we reverse and render.

## FACTS AND PROCEDURAL HISTORY

¶2.     Carmichael granted a deed of trust to United Companies Lending Corporation ("UCLC"), to secure her $80,000 promissory note. Several months later, she filed suit against UCLC[1] in Hinds County Circuit Court, asserting, inter alia, that UCLC had "abused [its] relationship" with her and defrauded her. She sought to have "all closing documents deemed void ab initio, thereby setting aside [the] mortgage on [her property]."

¶3.     Thereafter, UCLC filed a petition for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the District of Delaware. Carmichael filed a proof of claim[2] and attached a copy of her complaint. UCLC objected to Carmichael's proof of claim, and the bankruptcy court granted its objection and disallowed Carmichael's claim. Specifically, the bankruptcy judge ruled that Carmichael's claim, along with several others, was "expunged" and "disallowed in [its] entirety," as there was "no amount due" by UCLC.

¶4.     The bankruptcy court subsequently approved an agreement for the transfer of UCLC's assets (including Carmichael's note and deed of trust) to EMC Mortgage Corporation

---

[1]Carmichael also named UCLC employee Lance Persac and notary public Michelle Browning as defendants.

[2] In a bankruptcy context, the term "claim" is defined as:
   (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
   (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5)(A)-(B)(2007).

2

("EMC"). The asset purchase agreement stated that EMC took UCLC's assets "free and clear of any and all liens, mortgages, pledges, security interests, restrictions, prior assignment, liabilities, obligations, encumbrances, charges and claims of any and every kind . . . ."

¶5. Notwithstanding the bankruptcy's court's orders, Carmichael filed an amended complaint, substituting EMC for UCLC.[3] Carmichael never issued a summons to EMC and did not serve it with process. Ultimately, EMC filed a motion to dismiss the amended complaint for insufficiency of process and insufficiency of service of process, or in the alternative, for summary judgment, which the trial judge summarily denied. EMC then filed its answer to the amended complaint, raising numerous defenses.

¶6. EMC subsequently filed a motion to dismiss, or in the alternative, to compel arbitration. In its motion, EMC asserted (a) that Carmichael's claims were barred by the bankruptcy court's orders, (b) that it had purchased the servicing rights to Carmichael's loan free and clear of all claims, liabilities and encumbrances, and (c) that Carmichael's claims were subject to mediation and arbitration. The trial judge summarily denied EMC's motion to dismiss and further found that it had waived its right to arbitration. EMC appeals the trial court's denial of its motion to this Court.

## ANALYSIS

[3]Carmichael's amended complaint is virtually identical to her original complaint, although she did add a few defendants. She named EMC Mortgage as a "successor in interest" to UCLC. She also named Loan Closing Services Corporation f/k/a Fisher Law Offices, P.A. f/k/a Fisher & Southerland Law Offices, P.A. and Bobby F. Fisher Jr., alleging, inter alia, that they improperly trained and supervised their employee, Michelle Browning (the notary public named in the original complaint).

¶7. EMC asserts that the trial court erred when it: (1) ruled that Carmichael's claims were not barred by res judicata, (2) failed to dismiss Carmichael's claims based upon the language in the asset purchase agreement, and (3) denied its motion to compel arbitration. Because we find the res judicata issue dispositive, we decline to discuss EMC's second and third points of error.

### *Whether Carmichael's Claims Are Barred By Res Judicata.*

¶8. EMC argues that, because the bankruptcy judge disallowed and dismissed Carmichael's proof of claim, she is barred from now proceeding against EMC for the same claims asserted in the proof of claim. We agree.

¶9. This Court has stated that "res judicata is fundamental to the equitable and efficient operation of the judiciary and 'reflects the refusal of the law to tolerate a multiplicity of litigation.'" *Harrison v. Chandler-Sampson Ins. Inc.*, 891 So. 2d 224, 232 (Miss. 2005) (quoting *Little v. V & G Welding Supply, Inc.*, 704 So. 2d 1336, 1337 (Miss. 1997)). "The courts can not revisit adjudicated claims and 'all grounds for, or defenses to recovery that were available to the parties in the first action, regardless of whether they were asserted or determined in the prior proceeding, are barred from re-litigation in a subsequent suit under the doctrine of res judicata.'" *Harrison,* 891 So. 2d at 232 (quoting *Alexander v. Elzie*, 621 So. 2d 909, 910 (Miss. 1992)).

¶10. In applying the doctrine of res judicata, "there are four identities which must be present: (1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made." *Harrison*, 891 So. 2d at 232 (citing *Quinn v.*

4

*Estate of Jones*, 818 So. 2d 1148, 1151 (Miss. 2002) and *Dunaway v. W.H. Hopper & Assocs., Inc.*, 422 So. 2d 749, 751 (Miss. 1982)).  In addition to the four identities, a fifth requirement is that the prior judgment must be a final judgment that was adjudicated on the merits.  *Anderson v. Lavere*, 895 So. 2d 828, 833 (Miss. 2004).

### Identity of the subject matter of the action

¶11.    Res judicata "bars a second action between the same parties on the same subject matter directly involved in the prior action." *Harrison,* 891 So. 2d at 232.  After a thorough review of the original complaint and the amended complaint, we find it obvious that both suits involve the same subject matter – Carmichael's mortgage agreement with UCLC.  We therefore find that the first prong necessary for res judicata is present in this case.

### Identity of the cause of action

¶12.    The identity referred to in this portion of the analysis "is the identity of the *underlying facts and circumstances* upon which a claim has been brought." *Black v. City of Tupelo*, 853 So. 2d 1221, 1225 (Miss. 2003) (citing *Riley v. Moreland*, 537 So. 2d 1348, 1354 (Miss. 1989) and *Walton v. Bourgeois*, 512 So. 2d 698, 701 (Miss. 1987)) (emphasis added).  Carmichael's amended complaint simply reiterates the same claims of fraud advanced in her original complaint, and in her bankruptcy proof of claim.[4]  Thus, we find that the second prong necessary for res judicata is present in this case

### Identity of the parties to the cause of action

---

[4]In fact, Carmichael specifically states in her amended complaint that "[a]ll factual allegations as averred in Plaintiff's original Complaint . . . are realleged and incorporated herein."

5

¶13.    Although identity of the parties is a necessary element of res judicata, this Court repeatedly has held that "strict identity of parties is not necessary for either res judicata or collateral estoppel to apply, if it can be shown that a nonparty stands in privity with the party in the prior action." *Hogan v. Buckingham*, 730 So. 2d 15, 18 (Miss. 1998) (citing *McIntosh v. Johnson*, 649 So. 2d 190, 193-94 (Miss. 1995), *Johnson v. Howell*, 592 So. 2d 998, 1002 (Miss. 1991), and *Walton v. Bourgeois*, 512 So. 2d 698, 701 (Miss. 1987)).  Moreover, "Mississippi follows the general rule that parties must be substantially identical for res judicata to apply." *Hogan,* 730 So. 2d at 18 (citing *Cherry v. Anthony*, 501 So. 2d 416, 418 (Miss. 1987)).  "Thus, 'privity' 'is . . . a broad concept, which requires us to look to the surrounding circumstances to determine whether claim preclusion is justified.'" *Hogan,* 730 So. 2d at 18 (quoting *Little v. V & G Welding Supply, Inc.*, 704 So. 2d 1336, 1339 (Miss. 1997)).

¶14.    Here, EMC is unquestionably "in privity" with UCLC.  EMC purchased many of UCLC's assets (including Carmichael's mortgage) out of bankruptcy.  Carmichael makes no attempt in her brief to argue that EMC is not in privity with UCLC.  Moreover, she clearly refers to EMC in her amended complaint as "the successor in interest" to UCLC.  Thus, we find that the third prong necessary for res judicata is present in this case.

### *Identity of the quality or character of a person against whom the claim is made*

¶15.    Although we are unable to locate any caselaw that *specifically* states what must be established to meet this prong of the res judicata test, we think it obvious that the "quality and character" of EMC and UCLC are the same for res judicata purposes, as they are both mortgage lenders. *See, e.g., Little v. V&G Welding,* 704 So. 2d 1336, 1339-40 (Miss. 1997)

6

("The final identity, the quality or character of the person sued, is likewise satisfied under these facts. Mid-South and V & G are distributors – retailers of the propylene gas. Liquid Air is a bulk distributor as well. It is obvious that the quality or character of these companies are, for the most part, the same for purposes of res judicata."). Thus, we find that the fourth prong necessary for res judicata is present in this case.

### *Determination on the merits*

¶16. Prior judgment must also be final and on the merits. ***Anderson v. Lavere***, 895 So. 2d 828, 833 (Miss. 2004). *See also **Harrison,*** 891 So. 2d at 232 (res judicata applies when a court of competent jurisdiction has entered a final judgment on the merits, and "res judicata precludes claims which were *actually litigated* in a previous action." (emphasis added)); ***Kremer v. Chem. Constr. Corp.***, 456 U.S. 461, 481 n.22, 482, 102 S. Ct. 1883, 1898, 72 L. Ed. 2d 262 (1982) (for res judicata to apply, there must have been a full and fair opportunity to litigate, and a state court may not grant preclusive effect to a judgment that violated the applicable requirements of the Due Process Clause).

¶17. A bankruptcy court's ruling on a proof of claim form has been held to be a final judgment. (*See **Bank of Lafayette v. Baudoin***, 981 F. 2d 736, 742 (5th Cir. 1993) (holding that bankruptcy court order resolving proof of claim was a final judgment)).

¶18. Pursuant to the United States Code:

> The district courts of the United States shall have jurisdiction to hear appeals . . . from *final judgments*, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. *An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.*

7

28 U.S.C.A. § 158(a)(2005) (emphasis added).

¶19.   The current version of Rule 8002 of the Federal Rules of Bankruptcy Procedure – which is in effect until December 1, 2009, and controlling in this case – requires that a notice of appeal in a bankruptcy proceeding be filed with the clerk within ten days of the date of the entry of the judgment, order, or decree appealed from. F.R.B.P. 8002(a). Although Carmichael's proof of claim was disallowed by the bankruptcy judge, an avenue was available to her for appeal. However, she did not file a notice of appeal from the dismissal of her claim within the time prescribed by the Federal Rules of Bankruptcy Procedure.

## CONCLUSION

¶20.   Based on the foregoing analysis, we hold that Carmichael's claims against EMC are barred by res judicata, rendering moot EMC's final two points on appeal. Therefore, the trial court's order denying EMC's motion for summary judgment is reversed and rendered.

¶21.   **REVERSED AND RENDERED.**

**WALLER, C.J., CARLSON AND GRAVES, P.JJ., RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR**.