# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60259
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2015

Lyle W. Cayce
Clerk

TIMOTHY P. DAVIS; NIKKI P. DAVIS,

Plaintiffs - Appellants

v.

CHASE HOME FINANCE, L.L.C., formerly doing business as Chase
Manhattan Mortgage Corporation; GREENWICH CAPITAL FINANCIAL
PRODUCTS, INCORPORATED, also known as RBS Financial Products,
Incorporated; PRIORITY TRUSTEE SERVICES OF MISSISSIPPI, L.L.C.;
JOHN & JANE DOES 1-100; NATIONWIDE TRUSTEE SERVICES,
INCORPORATED,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:12-CV-456

Before CLEMENT, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Plaintiff – appellants (the "Davises") contend that Chase Home Financial
LLC ("Chase") (or its predecessors in interest) violated the terms of their
mortgage by foreclosing on the Davises' home in 2009.  The Davises appeal the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-60259

district court's grant of Chase's motion to dismiss on the grounds of full faith and credit, res judicata, and collateral estoppel. For the following reasons, we AFFIRM.

## FACTS AND PROCEEDINGS

The Davises' property, located at 157 Van Doren Street, Pearl, Mississippi (the "Property"), was subject to two mortgage loans with Novastar Mortgage, Inc.—RBS Financial Products, Inc. ("RBS") and Chase's predecessor mortgage holder. Following Hurricane Katrina, on September 29, 2005, the Davises agreed to loan modifications for both mortgages. These modifications extended the time for repaying the loan but did not forgive the loans. The Davises defaulted on the first mortgage and foreclosure proceedings were initiated.[1]

On February 27, 2007, the Davises filed for a temporary restraining order ("TRO") in the County Court of Rankin County, Mississippi ("county court"), seeking to enjoin the foreclosure sale scheduled for the next day. That same day, the county court issued the TRO. On April 3, 2008, after more than a year of no further action by the Davises, RBS filed a motion to dissolve the TRO and dismiss the case. This motion was granted on April 8, 2008, on the basis that the Davises had failed to bring the matter for a hearing and the TRO had expired by its own terms. The court not only lifted the TRO, it also allowed RBS to foreclose on the Property, finding that RBS was the creditor to the mortgage and entitled as a matter of law to foreclose.[2] The Davises neither objected to this order nor appealed.

---

[1] There was no foreclosure on the second mortgage. R. at 1581 n.2.

[2] The order stated, in relevant part: "IT FURTHER APPEARING TO THE COURT that Defendant is the creditor holding a first priority security interest in [the Property, and that] . . . . Plaintiffs defaulted on their payment obligations under the terms of the Note. . . . Defendant is well within its contractual and legal rights to foreclose on the property. The

2

No. 14-60259

The Property was sold at foreclosure on February 4, 2009. Then, on February 15, 2011, the Davises filed a complaint for discovery in Chancery Court of the First Judicial District of Hinds County, Mississippi against RBS, Chase, Nationwide Trustee Services, Inc. ("NTS"), and Priority Trustee Services of Mississippi, LLC ("PTS"). The complaint for discovery was transferred to the Chancery Court of Rankin County, Mississippi ("chancery court") on November 3, 2011. On August 20, 2012, that court granted Chase's motion to dismiss, labeling the complaint for discovery a "fishing expedition," noting that it "could and should" have filed a discovery motion in the previous case in county court, and holding that res judicata barred consideration of the motion based on the county court's order. The Davises appealed this order to the Mississippi Supreme Court. The appeal was dismissed as untimely.

Before the resolution of the complaint for discovery, on February 6, 2012, the Davises filed another complaint in the Circuit Court of the First Judicial District of Hinds County ("circuit court"). The complaint sought damages for fraud, fraudulent conveyance, injunctive relief, unjust enrichment, breach of the duty of good faith and fair dealing, negligence, and emotional distress.[3] Chase removed the case to the District Court for the Southern District of Mississippi and filed a motion for judgment on the pleadings or to dismiss. The district court dismissed the case on March 10, 2014, adopting the findings of the magistrate judge that the claims were barred by res judicata, collateral estoppel, and the Full Faith and Credit Act and dismissing the case with prejudice. The Davises filed this timely appeal. In their appeal the Davises

---

Plaintiffs bear the burden of proving each element of their petition and have not brought this matter on for hearing. Therefore, the [TRO] has expired by its terms and should be dissolved and the Defendant should be allowed to proceed with enforcing its security interest in the property . . . ."

[3] Chase's brief presents an illustrative chart showing the similarities between the county, chancery, and circuit court actions. Red Br. at 24–28 (Chase's Br.).

No. 14-60259

challenge the district court's three bases for dismissal, arguing that the current suit is not barred by res judicata, collateral estoppel, or the Full Faith and Credit Act due to either the county court's TRO order or the chancery court's dismissal of the complaint for discovery.

## DISCUSSION

### I. Standard of Review

A "court's decision to give full faith and credit to [a] state court judgment" is reviewed de novo. *In re Garner,* 56 F.3d 677, 679 (5th Cir. 1995) (internal quotation mark omitted), *abrogated on other grounds by Kawaauhau v. Geiger*, 523 U.S. 57 (1998).

### II. Full Faith and Credit

There are two hurdles the Davises must clear in order to demonstrate that the district court erred in dismissing their claims. First, they must show that the Full Faith and Credit Act does not preclude this court from considering their res judicata and collateral estoppel counter arguments. Second, they must show that—even if this court can consider the res judicata and collateral estoppel issues—the Davises' claims are not precluded. Because we find that the Full Faith and Credit Act compels us to follow the res judicata and collateral estoppel determinations of the chancery court, we do not reach the second question.

The Full Faith and Credit Clause states: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof." U.S. Const. art. IV, § 1. The Full Faith and Credit Act expands

4

No. 14-60259

the Full Faith and Credit Clause and requires federal courts to give full faith and credit to state court proceedings:

> The records and judicial proceedings of any court of any . . . State, Territory or Possession . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

28 U.S.C. § 1738.

Thus a federal court is required to give a state-court judgment the same preclusive effect that it would have under the law of the state in which it was rendered. *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 81 (1984). Since both the county court and chancery court judgments against the Davises were rendered by a Mississippi state court, this court must apply Mississippi rules of preclusion. *See* 28 U.S.C. § 1738; *Matsushita Elec. Indus. Co. v. Epstein,* 516 U.S. 367, 373 (1996). Thus, if a Mississippi court would give preclusive effect to the chancery court's res judicata determination then the district court's decision was correct. *See Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 523 (1986) ("under the Full Faith and Credit Act a federal court must give the same preclusive effect to a state-court judgment as another court of that State would give."). Similarly, if the county court's judgment would be considered final and accorded res judicata effect in a Mississippi court, then the district court must be affirmed.

Mississippi requires that four identities exist for res judicata to apply. The past and current case must share the same: subject matter; cause of action; "parties to the cause of action"; and, "quality or character of a person against whom the claim is made." *EMC Mortg. Corp. v. Carmichael*, 17 So. 3d 1087, 1090 (Miss. 2009).

The chancery court clearly ruled on the res judicata issue.

5

"The Court further finds and determines that the *Complaint for Discovery* here is also barred by the doctrine of *res judicata* based on the previous litigation and Orders entered by the County Court of Rankin County, Mississippi, including the April 8, 2008 Order. Both the subject matter and the causes of action are the same. Finally, the parties are the same because both the Rankin County Court litigation and this litigation are brought by the same Plaintiffs against the same defendant and its successors in interest.

R. at 1342. The chancery court then dismissed the cause with prejudice. This ruling was made final when the Mississippi Supreme Court dismissed the Davises' appeal as untimely.

The chancery court's ruling appears consistent with Mississippi Rule of Civil Procedure 41(b), which states that failure to prosecute is a justification for dismissal, ordinarily with prejudice. *Taylor v. General Motors Corp.*, 717 So. 2d 747, 748–49 (Miss. 1998). But, irrespective of the correctness of the county or chancery court, it is not this court's purview to review their orders. In fact, even if the chancery court's determination about the effect of the county court decision was erroneous, its preclusive effect on this court remains binding. *See Matter of Brady, Tex., Mun. Gas Corp.*, 936 F.2d 212, 219 (5th Cir. 1991).

Having determined that the chancery court did clearly dispose of the complaint for discovery on res judicata grounds, this court must consider the "preclusive effect" of that decision. *Board of Trustees of Galveston Wharves v. Pires*, 40 F.3d 385, 1994 WL 652551 at *3–4 (per curiam) (table op.) (interpreting *Parsons*, 474 U.S. at 523). That is, would a Mississippi court evaluating the Davises' circuit court complaint (the complaint underlying this case) hold that it is precluded by the chancery court decision? A Mississippi court answering this question looks to *Carmichael*'s "four identities," described above. *Carmichael*, 17 So. 3d at 1090. Thus, if the "four identities" supporting

the chancery court claim and the circuit court claim are the same then we may conclude that the circuit court claim would be precluded in Mississippi just as the chancery court claim was.

First, the chancery claim and circuit claim clearly both involve the same subject matter, the foreclosure on the Davises' home. *Compare* R. at 305–13, *with* R. at 28–35. Second, the two claims both involve the same cause of action, that is, they involve the same "underlying facts and circumstances." *See Carmichael*, 17 So. 3d at 1090; *Compare* R. at 305–13 *with* R. at 28–35. Third, the identity of the parties to the causes of action are the same. *Compare*, R. at 303–04, *with* R. at 23–25. Lastly, the quality and the character of the parties against whom the causes of action are brought are the same. *See Carmichael*, 17 So. 3d at 1091 (holding this fourth identity satisfied where the two parties were both mortgage lenders).

It is true, as the Davises argue, that the relief sought in the chancery court (discovery) and the circuit court (equitable and legal relief) are different. The legal theories asserted, however, are not dispositive to any of the four identities. *See Walton v. Bourgeois*, 512 So. 2d 698, 701–02 (Miss. 1987) (holding that identity exists where the "underlying facts and circumstances are the same," when the second complaint advanced a new legal theory that could and should have been advanced in the first complaint.). The Davises' complaint for discovery was based on the same alleged malfeasance as the circuit court complaint. The factual background described in each filing is nearly identical. The fact that one filing sought discovery before relief and the other filed a complaint, does not change the preclusive effect of the chancery court decision upon the circuit court decision.

The Full Faith and Credit Act, therefore, requires this court to give full faith and credit to the decision of the chancery court that the county court's order precluded additional litigation in Mississippi on the same operative facts.

We may not, therefore, consider the merits of the Davises' claims. This court need not, indeed, may not, conduct either an independent determination of whether the chancery court's decision about the county court order was correct or whether the county court's decision itself was properly decided.

The Davises make two additional arguments in response to the Full Faith and Credit defense. First, they argue that the chancery court ruling stated that the Davises still had "discovery options" in the federal district court. This argument is not persuasive. The chancery court's decision to dismiss the case was not based on the pending federal case. The complaint was not dismissed because there was parallel litigation in which the Davises could pursue discovery. The complaint was dismissed because the county court judgment was considered a substantive final judgment with preclusive effect.

Second, the Davises argue that the county court's ruling does not have preclusive effect in Mississippi. In support of this position the Davises make several arguments, including that the county court dismissed the case under Mississippi Rule of Civil Procedure 65, which governs temporary restraining orders and does not constitute a final judgment, rather than Rule 41(b), which states that a dismissal for failure to prosecute is generally considered an adjudication upon the merits. These attempted distinctions are inapposite because they ask this court to analyze the substance of the county court opinion as opposed to the chancery court's res judicata opinion. As explained, it is not the task of this court to evaluate, as if on direct appeal, the county court's ruling.

The chancery court determined that the county court's April 8, 2008 order had preclusive effect in Mississippi. Full faith and credit requires that this court defer to the chancery court's determination. Thus we need not address the district court's other bases for granting summary judgment.

8

No. 14-60259

**CONCLUSION**

For the foregoing reasons, we AFFIRM the district court's decision to grant Chase's motion to dismiss on the ground that the Davises' claims were barred by the Full Faith and Credit Act.