# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2022

Lyle W. Cayce
Clerk

No. 21-60672
Summary Calendar

Stonewater Adolescent Recovery Center,

*Plaintiff—Appellant*,

*versus*

Lafayette County Board of Supervisors,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:19-CV-231

Before Clement, Ho, and Oldham, *Circuit Judges*.

Per Curiam:*

Stonewater Adolescent Recovery Center (Stonewater) appeals the district court's order granting summary judgment in favor of the Lafayette County Board of Supervisors (Lafayette County) and dismissing its claims under the ADA and the FHA with prejudice. The district court held that res

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

judicata barred Stonewater's ADA and FHA claims because they were part of the same transaction as Stonewater's claims in a prior state court suit that was between the same parties and that ended in a final judgment on the merits.  We agree and AFFIRM.

## A.

Stonewater Adolescent Recovery Center is a residential rehabilitation center for youth struggling with substance use and mental health disorders in Lafayette County, Mississippi.  After Lafayette County denied Stonewater's request for permission to expand its drug treatment facility to accommodate more patients, Stonewater did two things: (1) appealed the decision in state court, claiming that Lafayette County's decision was arbitrary, capricious, clearly erroneous, unlawful, and in violation of the ADA and the FHA; and (2) filed a federal complaint, alleging the decision violated the ADA and the FHA.  The federal district court abstained under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), and stayed the federal action pending resolution of the state court appeal.

After the federal district court stayed the proceeding, Stonewater attempted to dismiss its state court appeal, which Lafayette County opposed and the state court denied.  It also attempted to sever and voluntarily dismiss its ADA and FHA claims, which Lafayette County again opposed and the state court again denied.  After a hearing, the state court ruled in Lafayette County's favor, holding that its decision was "based on substantial evidence, and [was] fairly debatable and not arbitrary or capricious, and that Stonewater [had] not otherwise shown in the record that the decisions violated its constitutional or statutory rights."  The state court stated expressly that in reaching its decision, it did not consider any federal rules or regulations.

Once Stonewater's time to appeal or seek reconsideration of the state court's final order passed, the federal district court lifted the stay and Lafayette County moved for summary judgment. The district court granted the motion, holding that the state court action was res judicata as to Stonewater's ADA and FHA claims. It then dismissed Stonewater's ADA and FHA claims with prejudice. Stonewater timely appealed.

### B.

In Mississippi, res judicata bars, in a subsequent suit involving the same parties or their privies, "all claims that were or reasonably may have been brought in the original action." *Bowe v. Bowe*, 557 So. 2d 793, 794 (Miss. 1990). There are five elements that must be present for res judicata to apply: "(1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; [] (4) identity of the quality or character of a person against whom the claim is made[;]" and (5) "the prior judgment must [have been] a final judgment that was adjudicated on the merits." *EMC Mortg. Corp. v. Carmichael*, 17 So. 3d 1087, 1090 (Miss. 2009) (citations omitted).

The parties dispute only the second and fifth elements. The second—identity of the cause of action—concerns whether there is an identity of "the *underlying facts and circumstances* upon which a claim has been brought." *EMC*, 17 So. 3d at 1090. That is clearly satisfied here, and Stonewater does not meaningfully argue to the contrary. Indeed, Stonewater all but concedes the existence of the second element in its brief—dedicating just part of one paragraph to arguing otherwise.

Stonewater dedicates the balance of its brief to arguing that the fifth element was not satisfied because "the state court's decision [was] not a final judgment on Stonewater's ADA/FHA claims' merits." But this argument is doomed from the outset, as it confuses claim preclusion with issue

preclusion.   While issue preclusion asks whether certain issues in a prior action were actually litigated, determined, and essential to the judgment, claim preclusion does not.  *See Dunaway v. W.H. Hopper & Assocs., Inc.*, 422 So. 2d 749, 751 (Miss. 1982).  Rather, claim preclusion focuses on whether the prior *action* ended in a final adjudication on the merits.  *EMC*, 17 So. 3d at 1090.  It did.

Moreover, it is plain from the record that Stonewater had an opportunity to litigate its ADA and FHA claims in state court but did not.  At the state court hearing, the judge asked: [D]oes the county object to me hearing the federal claims?"  Despite Lafayette County responding that it did not object, Stonewater made the deliberate decision not to prosecute its ADA and FHA claims.  It cannot now litigate them in a federal forum.

\* \* \*

The judgment is AFFIRMED.