# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-CA-01100-SCT

*CITY OF OCEAN SPRINGS, MISSISSIPPI*

*v.*

*MICHAEL ILLANNE, JULIA R. ILLANNE, BEN CHENEY, LYN CHENEY, RANDALL SCOTT EDWARDS, JOYE W. SHANTEAU, JOHN W. GODSEY, M.D., ZACHARY GREENE, M.D., STACEY GREENE AND DINAH PAYNE*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/07/2021 |
| TRIAL JUDGE: | HON. ROBERT P. KREBS |
| TRIAL COURT ATTORNEYS: | KAREN ELIZABETH HOWELL |
| | KEVIN M. MELCHI |
| | ROBERT THOMAS SCHWARTZ |
| | DAVID BRUCE KRAUSE |
| | CHRISTIAN JANE'T STRICKLAND |
| | JORDAN REX MATHEWS |
| | LEONARD ADAM BLACKWELL, II |
| | WILLIAM LEE GUICE, III |
| | MARIA MARTINEZ |
| | WILL R. NORMAN |
| | ROBERT W. WILKINSON |
| | NICOLE WALL SULLIVAN |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ROBERT W. WILKINSON |
| | WILL R. NORMAN |
| ATTORNEYS FOR APPELLEES: | WILLIAM LEE GUICE, III |
| | MARIA MARTINEZ |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND REMANDED - 04/27/2023 |
| MOTION FOR REHEARING: | |

**EN BANC.**

**CHAMBERLIN, JUSTICE, FOR THE COURT:**

¶1.     A group of residents ("the Neighbors") appealed three separate zoning decisions of the City of Ocean Springs Board of Aldermen to the Jackson County Circuit Court. The circuit court, sitting as an appellate court pursuant to Mississippi Code Section 11-51-75 (Rev. 2019), consolidated the appeals and reversed the City's zoning decisions in two of the appeals and remanded the first appeal to the City board. The City now appeals whether the circuit court lacked jurisdiction to review the decisions when W. Lee Brumfield, who was an applicant before the City, was not included as a party to the Neighbors' appeal. Due to this Court's intervening decision in *Longo v. City of Waveland*, 353 So. 3d 437 (Miss. 2022), and the fact that the circuit court did not address the issue in its ruling, we find that Brumfield's status as a petitioner cannot be determined at this point. The case is remanded to the circuit court for a factual determination as to whether Brumfield is a petitioner under Section 11-51-75.

**FACTS AND PROCEDURAL HISTORY**

¶2.     On November 7, 2018, Brumfield submitted a subdivision application sketch plat to the City of Ocean Springs' planning commission for a townhouse development to be located on Front Beach Drive in Ocean Springs. The record indicates that the document, accepted by the commission and signed before a Notary Public, lists Brumfield as applicant and The Sands at Front Beach, LLC, as owner of the property to be developed. The application was denied by the planning commission, and The Sands appealed to the board of aldermen. The board of aldermen, after a period of public discussion, overrode the decision of the planning commission and subsequently approved the sketch plat on February 5, 2019. The Neighbors

2

filed a notice of appeal in the Jackson County Circuit Court on February 14, 2019, appealing the approval of the sketch plat.

¶3.    Thereafter, on February 25, 2019, the board of aldermen adopted a portion of the Uniform Development Code (UDC) which included the development in question. The Neighbors filed a notice of appeal in the Jackson County Circuit Court on March 6, 2019. Ultimately, the city again adopted the Uniform Development Code on March 26, 2019, and the Neighbors filed a third notice of appeal in the Jackson County Circuit Court on April 4, 2019. The three cases were consolidated by the circuit court on May 9, 2019.

¶4.    On July 7, 2021, the circuit court reversed the city's approval of the sketch plat, finding that the decision was arbitrary and capricious and ordering the demolition of two existing structures on the subject property.  The Court also set aside both the February 25, 2019 and March 26, 2019 adoptions of the UDC.

¶5.    On July 16, 2021, The Sands, as *amicus curiae*, filed a Motion for Reconsideration, to Alter, Amend and/or Set Aside Order with Memorandum Incorporated arguing, for the first time, that the court lacked subject matter jurisdiction because the Neighbors failed to include The Sands as a party to the appeal as required by Section 11-51-75.[1]  The City also filed a Combined Motion to Dismiss or Motion for Relief from Final Judgment, or alternatively, a Motion to Alter or Amend Judgment. The Neighbors filed a combined

_____

[1]The Sands argues it was merely an *amicus curiae* in the trial court and maintains that it is an *amicus curiae* in the present appeal.  The circuit court docket reflects, however, that The Sands was named a party appellee; it was listed as such in the notices of appeal filed by the Neighbors that certify that their attorney and agent had been mailed the notices; and, on at least one occasion, it filed before the court as such.  It seems that the real argument made by The Sands in this regard is that they did not receive proper notice.

response in opposition to the motion. The Sands and the City both filed separate rebuttal memorandums. In its rebuttal memorandum, The Sands further argued that the court lacked subject matter jurisdiction because the Neighbors failed to include The Sands, Brumfield Properties, Inc., and Brumfield as parties to the appeal as required by Section 11-51-75.

¶6. The circuit court entered an order granting in part and denying in part the motion. The court altered its ruling on the application of the UDC. The court also set aside its prior order requiring the demolition of the two existing structures on the property and ordered the board of aldermen to conduct a hearing to "consider whether one or both of the structures built on the subject property can be made compliant" under the applicable zoning ordinance. Although the court discussed whether the Neighbors had standing to appeal, there was no discussion, much less a finding, on the issue of whether the Neighbors failed to name the necessary parties to their appeals pursuant to Mississippi Code Section 11-51-75. The circuit court's order simply included the blanket statement that "[a]ll other requests for relief are DENIED."

## ISSUES PRESENTED

¶7. On appeal, the City argues that the circuit court lacked jurisdiction to review the City's decision because the Neighbors failed to name and give notice to Brumfield as a necessary party, or *petitioner*, to the appeal as required under Section 11-51-75.

## STANDARD OF REVIEW

¶8. A decision of a governing authority of a municipality is subject to a limited review and will only be overturned if it "(1) was beyond its scope or power; (2) violated the

4

constitutional or statutory rights of the aggrieved party; (3) was not supported by substantial evidence; or (4) was arbitrary or capricious." ***Jones v. City of Canton***, 278 So. 3d 1129, 1131 (Miss. 2019) (internal quotation mark omitted) (quoting ***McAdams v. Perkins***, 204 So. 3d 1257, 1261 (Miss. 2016)). Jurisdictional issues and matters of statutory interpretation are reviewed de novo. ***Longo***, 353 So. 3d at 440 (citing ***Fitch v. Wine Express Inc.***, 297 So. 3d 224, 228 (Miss. 2020)); ***Am. Tower Asset Sub, LLC v. Marshall Cnty.***, 324 So. 3d 300, 302 (Miss. 2021)).

## ANALYSIS

¶9. The dispositive question is whether Brumfield was a petitioner required to be named as an appellee for the purposes of an appeal under Section 11-51-75, which provides:

> Any person aggrieved by a judgment or decision of the board of supervisors of a county, or the governing authority of a municipality, may appeal the judgment or decision to the circuit court of the county in which the board of supervisors is the governing body or in which the municipality is located. A written notice of appeal to the circuit court must be filed with the circuit clerk within ten (10) days from the date at which session of the board of supervisors or the governing authority of the municipality rendered the judgment or decision. Upon filing, a copy of the notice of appeal must be delivered to the president of the board of supervisors or to the mayor or city clerk of the municipality and, if applicable, to *any party who was a petitioner* before the board of supervisors or the governing authority of the municipality.
>
> > (a) The notice of appeal filed in the circuit court with the circuit clerk shall contain the following:
> >
> > > (i) the name of the county board of supervisors or the name of the municipality as the appellee. If applicable, *any party who was a petitioner* before the board of supervisors or the governing authority of the municipality shall be *named as an appellee.*

Miss. Code Ann. § 11-51-75 (Rev. 2019) (emphasis added).

5

¶10.    At the outset, this Court finds that it does not have sufficient information before it to determine whether Brumfield constituted a *petitioner* who should have been served and named in the notice of appeal in this case under Section 11-51-75. Although this issue was raised before the circuit court, no ruling was included or, if it was ruled upon, it was done in a cursory manner with no discussion whatsoever of the issue. This is understandable, since the issue was first raised in the *amicus curiae* rebuttal memorandum of The Sands supporting its post-trial motion, which had asked the court to reconsider, alter, amend or set aside the forty-nine page Opinion, Ruling and Judgment of the Court previously entered by the circuit court and which had culminated in an Order revising the final judgment. Yes, you read that right. It is also worthy to note that the combined post-trial motion of the City and its subsequent memorandums do not raise the *petitioner* issue; only the *amicus* rebuttal raised the issue. Further, and most importantly, at the time of the ruling, this Court had not addressed the amendments to Section 11-51-75 as it relates to the necessity to add a *petitioner* and the ramifications of the failure to do so.

¶11.    Since the appeal was filed in this case, this Court handed down ***Longo v. City of Waveland***, 353 So. 3d 437 (Miss. 2022).[2] In ***Longo***, this Court determined that failing to name the prevailing petitioner as a party to the appeal is a procedural defect, as opposed to a jurisdictional one, but that the addition of the petitioner is nevertheless mandatory. ***Id.*** at 446. ***Longo*** does not, however, answer the question before this Court today: which entity

---

[2]The Sands referenced the judgment of the Hancock County Circuit Court in ***Longo*** in its rebuttal motion in support of its motion to amend the final judgment. Judgment, ***Longo v. City of Waveland***, No. 23CI1:21-cv-00029 (Hancock Cnty., Miss., Cir. Ct. June 16, 2021).

or person(s) is the petitioner(s).

¶12.    The term *petitioner* is not defined by the statute, or elsewhere, as it relates to a zoning appeal.  While we agree that the cautious play would be to name the person who was listed as applicant on documents before the governing authority as a party to the appeal, that does not, in and of itself, establish that such a person meets the definition of a petitioner.  It is obvious that the intent of the legislature in requiring the petitioner to be named is to assure that the real party, the party actually affected by the ruling, is represented on appeal and is not relegated to having its interests represented by an entity, the board of the municipality or county that may or may not be zealous in their pursuit of the case.[3]

¶13.    The gist of our concern is whether Brumfield was petitioning the board of aldermen for the subdivision of property or whether Brumfield was applying *on behalf of the Petitioner*, The Sands,  which was requesting the subdivision of property.  The right to make application for a subdivision is almost universally limited by statute or ordinance to the owner of the property.  2 James A Kushner, *Subdivision Law & Growth Management*, § 8:1 (2d ed. 2022), Westlaw (database updated Nov. 2022) (discussing standing to apply in Mississippi and stating, "adult business owner's initial status as lessor of commercial property did not create colorable interest needed for standing as privilege license applicant" (citing ***Hotboxxx, LLC v. City of Gulfport***, 154 So. 3d 21, 29 (Miss. 2015))); *id.* ("building permit applicant lacked standing to appeal city site plan veto as not the owner of title not an option to purchase, a contract to purchase, nor a mortgage or other encumbrance" (citing ***City***

---

[3]In one filing the City states in bold print that its primary objective is protection of its Uniform Development Code (UDC).

*of Madison v. Bryan*, 763 So. 2d 162, 164-67 (Miss. 2000))).

¶14.    This case is no exception. The City cites various portions of the ordinances in place at the time the application was submitted to define the terms *subdivider* and *developer* as a "person . . . dividing or proposing to divide land so as to constitute a subdivision[.]" Of course, an *owner* and *subdivider* and *developer* can all be the same person or entity. The *subdivider* or *developer* can present an application on behalf of an *owner*. The right to request that property be subdivided, however, clearly belongs solely to the owner of the property in question.   Simply stated, the right of a developer to present sketches and plats and represent the interests of the landowner does not make them the petitioner any more than an attorney filing a petition in a divorce case and appearing on behalf of their client is a petitioner.  It is axiomatic that you cannot apply to have property you do not own subdivided unless you are acting with permission of the owner.

¶15.    It appears that Brumfield's actions were taken in a *representative capacity.*  The record reflects that Brumfield is a developer who appeared before the local planning commission and, subsequently, the board of aldermen *on behalf of* The Sands.  It is not uncommon for developers—who are often more familiar with the process and who have a financial stake in the approval of the subdivision—to appear on behalf of landowners before local zoning boards as well as local governing boards.

¶16.    A person appearing in a representative capacity is not necessarily the party.  *See* 2 Jeffery Jackson, Mary Miller, Donald Campbell et al., *Mississippi Practice Series: Encyclopedia of Mississippi Law* § 14:13 (3d ed.), Westlaw (database updated 2022) ("a

8

party who appears in the original action in a representative capacity, such as a trustee, is not barred from bringing a suit individually at a later time" (citing *McIntosh v. Johnson*, 649 So. 2d 190, 194 (Miss. 1995), *overruled on other grounds by Norman v. Bucklew*, 684 So. 2d 1246, 1254 (Miss. 1996))); *id.* n.8 ("mother who obtains divorce decree which includes finding that her husband was father of her child is not barred by principles of preclusion from contending otherwise in separate action in which she represents her child but is not individual litigant" (citing *Baker ex rel. Williams v. Williams*, 503 So. 2d 249, 254 (Miss. 1987))); *Cherry v. Anthony, Gibbs, Sage*, 501 So. 2d 416, 418 (Miss. 1987) (there is a substantial legal difference between a insurance agency and the individual who shares its name such that res judicata does not apply to bar the action because the parties are not substantially identical); *Lowery v. Statewide Healthcare Service, Inc.*, 585 So. 2d 778, 780 (Miss. 1991).

¶17.     Likewise, a person appearing in a representative capacity before a board of aldermen on a zoning matter does not necessarily constitute a petitioner under Section 11-51-75. Brumfield's being listed as *applicant*, while constituting evidence, does not establish that he was a petitioner for purposes of Section 11-51-75. Some states even require "[t]he owner of the property *and applicants who initiated the proceeding* shall be made parties to the appeal." Ky. Rev. Stat. Ann. § 100.347(4) (emphasis added). The point, of course, is that they are not necessarily the same thing and if the legislature had meant for both to be named, it would have required both to be named. Without such language, the only reasonable interpretation of the word *petitioner* in Section 11-51-75 is the owner, the entity that would actually receive subdivision approval and the real party in interest.

¶18.    So, Brumfield was acting in a representative capacity and was not a petitioner under the statute?  Oh, if only life were so easy.  You see, as stated above, *developers*, *applicants* and *owners* can all be the same people or entities.  The record is rife with confusion as to how many of these titles apply to Brumfield.  He is clearly the *applicant*.  He is mentioned numerous times as the *developer*.  As stated above, these titles do not, in and of themselves, establish him as a *petitioner*.  At various times, however—including on prior applications and in the circuit court's opinion—Brumfield is listed as *owner* of all or part of the subject property at least in some prior incarnation as well as apparently holding a deed of trust to some or all of the property.  Further confusing the issue is that the actual November 7, 2018 application, although cut off in the record, appears to list Brumfield as owner by reference when compared to prior identical forms.  In contrast, the same application has an attached "Affidavit of Ownership[,]" listing The Sands as the "owner" with Michael Butler, presumably in a representative capacity, declaring himself to be and signing as *owner* while, on the front of the document, being listed as *local agent*. As stated above, these varying representations are confusing. The circuit court understandably failed to answer this question previously, and the sparseness of the record on the issue is only rivaled by its confusion.

¶19.    The only appropriate recourse is to remand this matter to the Jackson County Circuit Court for a factual determination as to whether Brumfield was acting as a petitioner before the board of aldermen or whether he was acting in a representative capacity on behalf of the petitioner, The Sands.  Likewise, pursuant to Mississippi Rule of Appellate Procedure 14(b), we can, and do, direct the trial court to determine all issues of fact that may arise out of any

10

appeal submitted to the trial court for a determination and that may be necessary for disposition of cases on appeal. In this case, we direct the circuit court to consider whether Brumfield was a *petitioner*. If it is determined that Brumfield is not the *petitioner*, the appeal in circuit court proceeds if the court determines further action is necessary. If it is determined that Brumfield is a *petitioner* as contemplated by the statute, the circuit court should take such action as required by law. *See **Longo***, 353 So. 3d at 437.

¶20. The circuit court has at its disposal the tools of an appellate court. Miss. Code Ann. § 11-51-75; ***Am. Tower Asset Sub, LLC***, 324 So. 3d at 304 ("The revised statute made clear that the notice of appeal grants appellate jurisdiction in the circuit court, and this is consistent with current appellate procedure in the Mississippi Rules of Appellate Procedure."). It can order supplementation of the record. M.R.A.P. 10; ***Bd. of Supervisors of Jackson Cnty. v. Qualite Sports Lighting, LLC***, 337 So. 3d 1040, 1049 (Miss. 2022) ("The circuit court shall, if necessary, instruct the clerk of the board to supplement the record with the necessary materials."). It may also remand to the Ocean Springs Board of Aldermen for record supplementation or factual determinations. ***City of Biloxi v. Hilbert***, 597 So. 2d 1276, 1279 (Miss. 1992); M.R.A.P. 14(b). Of course, remanding to the Ocean Springs Board of Aldermen for a hearing on the issue would put the matter before a party to the appeal that already took the adverse position that Brumfield was, in fact, the petitioner before the board. *See **Hilbert***, 597 So. 2d at 1280.

¶21. The remedy is for the circuit court to, in its discretion, receive evidence for the limited purpose of determining the factual question as to whether Brumfield's actions before the

board of aldermen were those of a petitioner or those of a person representing the interests of the petitioner, as this is an issue necessary to disposing of the appeal. M.R.A.P. 14(a) (the trial court, sitting as the appellate court, has all the tools at its disposal provided by the Mississippi Rules of Appellate Procedure and, therefore, "may try and determine all issues of fact which may arise out of any appeal before it and which are necessary to the disposition of the appeal, and, to this end, *may, by order in each case, prescribe in what way evidence may be produced before it on the issue.*" (emphasis added)).

## CONCLUSION

¶22.    The case is remanded with directions for the circuit court to conduct a hearing, with the discretionary right to receive evidence and to determine the factual dispute as to whether Brumfield was a petitioner before the City of Ocean Springs Board of Aldermen and then to take such additional action as is necessary and consistent with this opinion.

¶23.    **REVERSED AND REMANDED.**

**KITCHENS AND KING, P.JJ., MAXWELL, BEAM AND ISHEE, JJ., CONCUR. COLEMAN, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH, C.J., AND GRIFFIS, J.**

**COLEMAN, JUSTICE, DISSENTING:**

¶24.    The record is before us is clear. On November 7, 2018, W. Lee Brumfield submitted a subdivision application for sketch plat to the City of Ocean Springs planning commission for a fifty-seven unit townhouse development to be located on Front Beach Drive in Ocean Springs. Not only did Brumfield apply for the sketch plat, but he also participated in meetings regarding the change and asserted his right to petition his city government to seek

12

redress for its denial and subsequent remedy.

¶25. The majority remands the case with instructions to the circuit court—sitting as an appellate court—to hold a hearing to determine what the majority sees as a factual dispute regarding Brumfield's role. The majority even gives the circuit court leave to receive new evidence to do so. I disagree for three reasons. First, Brumfield's status as the petitioner is clear from the record, and no further development is needed. Second, receiving new evidence and making new findings of fact is anathema to the circuit court's role as an appellate court. Third, the trial court did not, as the majority holds, fail to make the factual determinations necessary to answer the question. Accordingly, and with respect, I dissent.

## STANDARD OF REVIEW

¶26. "When [the appellate court] reviews a decision by a chancery or circuit court concerning an agency action, it applies the same standard of review that the lower courts are bound to follow." *Miss. Sierra Club, Inc. v. Miss. Dep't of Env't Quality*, 819 So. 2d 515, 519 (Miss. 2002) (citing *Miss. Comm'n on Env't Quality v. Chickasaw Cnty. Bd. of Supervisors*, 621 So. 2d 1211 (Miss. 1993)). "[D]ecisions by the governing authorities of a municipality are subject to limited review." *Jones v. City of Canton*, 278 So. 3d 1129, 1131 (¶ 7) (Miss. 2019) (alteration in original) (internal quotation marks omitted) (quoting *McAdams v. Perkins*, 204 So. 3d 1257, 1261 (¶ 7) (Miss. 2016) A decision will be overturned "only if the decision (1) was beyond its scope or power; (2) violated the constitutional or statutory rights of the aggrieved party; (3) was not supported by substantial evidence; or (4) was arbitrary, or capricious." *Id.* (internal quotation marks omitted) (quoting

13

*McAdams*, 204 So. 3d at 1261 (¶ 7). Questions of law, including matters of jurisdiction, are reviewed de novo. *City of Jackson v. Allen*, 242 So. 3d 8, 13 (Miss. 2018), *superseded by statute as stated in Longo v. City of Waveland*, 353 So. 3d 437 (Miss. 2022).

**ANALYSIS**

1. *Brumfield was the petitioner, and the failure to serve him was fatal to the Neighbors' effort to appeal.*

¶27. At issue is whether Brumfield was a petitioner to be named as an appellee for the purposes of an appeal under Section 11-51-75, which provides as follows:

> Any person aggrieved by a judgment or decision of the board of supervisors of a county, or the governing authority of a municipality, may appeal the judgment or decision to the circuit court of the county in which the board of supervisors is the governing body or in which the municipality is located. A written notice of appeal to the circuit court must be filed with the circuit clerk within ten (10) days from the date at which session of the board of supervisors or the governing authority of the municipality rendered the judgment or decision. Upon filing, a copy of the notice of appeal must be delivered to the president of the board of supervisors or to the mayor or city clerk of the municipality and, if applicable, to *any party who was a petitioner* before the board of supervisors or the governing authority of the municipality.
>
> (a)    The notice of appeal filed in the circuit court with the circuit clerk shall contain the following:
>
> > (i)    The name of the county board of supervisors or the name of the municipality as the appellee. If applicable, *any party who was a petitioner* before the board of supervisors or the governing authority of the municipality shall be *named as an appellee*.

Miss. Code. Ann. § 11-51-75 (Rev. 2019) (emphasis added).

¶28. Section 11-51-75 enumerates the requirements of who is to receive notice of appeal and who shall be named as an appellee. "A basic tenet of statutory construction is that 'shall' is mandatory and 'may' is discretionary." *Franklin v. Franklin ex rel. Phillips*, 858 So. 2d

110, 115 (Miss. 2003) (quoting *Planters Bank & Tr. Co. v. Sklar*, 555 So. 2d 1024, 1027 (Miss. 1990); *Murphy v. State*, 253 Miss. 644, 649, 178 So. 2d 692 (1965)). Thus, it is first necessary to determine Brumfield's status. Black's Law Dictionary defines *petitioner* as "A party who presents a petition to a court or other official body, esp. when seeking relief on appeal." *Petitioner*, Black's Law Dictionary (11th ed. 2019). On November 7, 2018, Brumfield filed with the city's planning commission an application for a sketch plat. The application listed Brumfield as developer of the property *on behalf of* The Sands with Michael K. Butler listed as owner. Importantly, on the application, Brumfield answered in the affirmative whether there existed any "easements or other legal restrictions" on the property, meaning that he acknowledged that some variance would be required from the city, and he still petitioned to the zoning authority for approval by submitting the application. The zoning commission convened on November 13, 2018, and Donovan Scruggs represented The Sands and Brumfield as developer for The Sands and spoke about his right to build on the property as zoned. Representatives of the Neighbors were present and spoke against the development. Following the hearing, the city's planning commission report listed Brumfield as "Applicant" and Michael K. Butler as the "Local Agent." Following the zoning commission's denial of Brumfield's application, the city council brought forth the matter in its meeting on February 5, 2019. A period of public comment was held on the matter with representatives for both the Neighbors and The Sands present. Ultimately, the board of aldermen overrode the decision, and the Neighbors appeals began. Yet, in each notice of appeal, Brumfield was never named as an appellee despite referencing the "Application of

15

Lee Brumfield and/or Brumfield Properties." We find that Brumfield was a necessary party to all actions as he was, in fact, a petitioner before the city's zoning commission.

¶29. The Mississippi Supreme Court's recent opinion in *Longo v. City of Waveland* is dispositive. There, neighbors, aggrieved by a board of aldermen's decision to approve a sketch plat appealed to the Circuit Court but similarly failed to name as appellee an applicant for the aggrieving sketch plat. *Longo v. City of Waveland*, 353 So. 3d 437, 446 (Miss. 2022). The conclusion of the Court, analyzing the same statute, was that "the requirement that a petitioner in a proceeding before a local governing authority be named in a notice of appeal from the authority's decision under Section 11-51-75 is procedural, not jurisdictional." *Id.* Like the applicant in *Longo*, Brumfield was a necessary party to be named as appellee and provided with notice. *Id.* at Our Court further ruled:

> [o]mitting the name of an appellee from the notice of appeal does not require dismissal of the appeal but is subject to correction after the appeal's perfection. M.R.A.P. 3(a). A notice of appeal that omits the name of the petitioner under Section 11-51-75 does not deprive the circuit court of jurisdiction over the appeal. No conflict exists between the statutory joinder requirement and the procedural rule governing the content of the notice of appeal. The statute requires joinder; but if the required party's name inadvertently is left off the notice of appeal, the error is subject to corrective action in the circuit court's discretion. M.R.A.P. 3(a).

*Id.*

¶30. Accordingly, I would hold that—as is clear from the record—Brumfield was a necessary party to all actions as he was, in fact, a petitioner before the city's zoning commission.

>    2.    *The majority's disposition,* i.e*., remanding the case to the circuit court*
>           *to hold a hearing, determine issues of fact, and potentially receive new*

> *evidence, runs contrary to established law setting forth the parameters of the circuit court's role as appellate court.*

¶31. The applicable statute and our caselaw prohibit the circuit court sitting as an appellate court from receiving new evidence. "The circuit court, as an appellate court . . . shall hear and determine the [appeal] *on the record*[.]" Miss. Code Ann. § 11-51-75(d) (Rev. 2019) (emphasis added).

> The circuit court can only consider the case as made by the bill of exceptions. This is the only record before the circuit court, as an appellate court. If the bill of exceptions is not complete and is fatally defective in that pertinent and important facts and documents are omitted therefrom, then the court does not have a record upon which it can intelligently act.

***Stewart v. City of Pascagoula***, 206 So. 2d 325, 328 (Miss. 1968), *superseded by statute on other grounds as stated in **Bd. of Supervisors of Jackson Cnty. v. Qualite Sports Lighting, LCC**, 337 So. 3d at 1044 (Miss. 2022). Accordingly, if the record as received by the circuit court shows that Brumfield acted as the petitioner—and it does, then the Circuit Court does not have the authority to go back and fill in "pertinent and important facts and documents . . . omitted [from the record.]" ***Id.***

¶32. What the majority allows here goes well beyond supplementation of the record as contemplated by our rules and the cases on which it relies. Maj. Op. ¶ 20. Supplementation of the record involves adding to the record on appeal matters already submitted to and recorded by the governing authority. It does not in any way contemplate bringing new evidence before the appellate court that was not first admitted in the trial court or, in the present case, the governing authority. "Mississippi Rule of Appellate Procedure 10(e) is not a vehicle for admitting new evidence into the record, a role generally reserved for the trial

17

court; rather, Rule 10(e) is a method for correcting the appellate record to reflect what occurred in the trial court. M.R.A.P. 10(e)." ***Corrothers v. State***, 148 So. 3d 278, 315 (Miss. 2014).

¶33. In ***Honeywell v. Aaron***, 228 Miss. 284, 88 So. 2d 558, 559 (Miss. 1956), we wrote as follows:

> As much as we desire that litigants have the benefit of all facts that may be available bearing on a case, successive appeals may not be allowed to enable a party to supply deficiencies in the proof of prior trials. The allegation that appellee was not served with process was an affirmative matter as to which appellee had the burden. He failed to offer any proof to sustain that contention. He had ample opportunity.

¶34. In the case *sub judice*, the Neighbors had ample opportunity to make a record before the appeal to the circuit court. Their opportunity to do so is evidenced by the fact that the record submitted on appeal to the circuit court was thousands of pages long. That the majority is giving a second bite at the apple to allow further development of the factual record runs contrary to the law.

3. *The trial court indeed considered whether Brumfield was the petitioner and whether the failure to serve him defeated its jurisdiction over the appeal.*

¶35. The majority writes that the circuit court failed to answer the question whether Brumfield was the petitioner. Again, the record shows otherwise. In a post-trial motion, the city argued that the trial judge lacked jurisdiction. In the motion, the city based its contention on an argument of lack of standing of the Neighbors to appeal the city's decision. The Sands, acting as *amicus curiae*, filed a rebuttal following the Neighbors' reply and added the additional argument that the trial court also lacked jurisdiction of the issue raised here.

18

Counsel for The Sands appeared at and participated in the August 5, 2021 hearing on the post-trial motions. During the course of the hearing, Brumfield argued the circuit court lacked jurisdiction over the appeal because the Neighbors had not served him even though he was the petitioner. The trial court's order rejected the argument that it lacked jurisdiction, and in the order the trial judge wrote that he considered The Sands' *amicus* filing. In addition, the trial judge ruled, "All other requests for relief are DENIED."

¶36. The trial judge could not have ruled as he did without determining first that he had jurisdiction over the appeal. That he did not directly address the Brumfield-as-petitioner argument in his order does not matter. "In reviewing a case on appeal, with respect to issues of fact where the court made no specific finding of fact, the assumption is that the court resolved all fact issues in favor of the appellee or at least in a manner consistent with the decree." *Smith v. Smith*, 20 So. 3d 670, 674 (¶ 12) (Miss. 2009) (citing *Lahmann v. Hallmon*, 722 So. 2d 614, 620 (¶ 19) (Miss. 1998) (citing *Smith v. Smith*, 545 So. 2d 725, 727 (Miss. 1989))). In other words, the trial court already made a determination of the facts pertinent to the matter at issue. With respect, rather than remanding the case for the trial judge to redo his work and, potentially, improperly admit new evidence, the majority should either affirm his conclusions or reverse them.

**RANDOLPH, C.J., AND GRIFFIS, J., JOIN THIS OPINION.**